RE: POLITICAL ACTIVITIES OF CORPORATION COMMISSION EMPLOYEES
ATTORNEY GENERAL HENRY HAS RECEIVED YOUR RECENT LETTER ASKING FOR CLARIFICATION OF THE LEGALITY OF THE PROVISIONS OF 17 O.S. 180.4 (1981). HE HAS AUTHORIZED ME TO RESPOND TO YOU PERSONALLY ON HIS BEHALF. HIGHLY ANALOGOUS ISSUES HAVE BEEN PREVIOUSLY REVIEWED BY BOTH THE UNITED STATE SUPREME COURT AND THE ATTORNEY GENERAL, AND, THEREFORE, IT IS NOT FELT THAT ISSUANCE OF A NEW OFFICIAL OPINION IS NECESSARY TO RESOLVE YOUR INQUIRIES.
IN BROADERICK V. STATE OF OKLAHOMA, 413 U.S. 601,93 S.CT. 2908, 37 L.ED.2D 830 (1973), THREE EMPLOYEES OF THE CORPORATION COMMISSION WERE CHARGED BY THE OLD STATE PERSONNEL BOARD WITH HAVING VIOLATED THE TERMS OF THE STATE PERSONNEL ACT, WHICH RESTRICTED THE POLITICAL ACTIVITIES OF CLASSIFIED EMPLOYEES IN THE STATE'S EMPLOY. A THREE-JUDGE FEDERAL JUDICIAL TRIBUNAL AFFIRMED THE LEGITIMACY OF THOSE PROVISIONS, AND, ON APPEAL, THE SUPREME COURT AFFIRMED THEIR DETERMINATION.
IN NOTE FIVE (5), PAGE 607 OF THE OPINION, THE COURT RECITED THAT THE EMPLOYEES HAD ARGUED THAT THE PROVISIONS OF THE ACT WERE VIOLATIVE OF THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION BECAUSE ONLY A CERTAIN PORTION OF THE STATE'S EMPLOYEES, THOSE IN THE CLASSIFIED SERVICE, HAD BEEN SINGLED OUT AS BEING COVERED BY THE ACT'S PROHIBITIONS, WHILE UNCLASSIFIED EMPLOYEES WERE PERMITTED FAR MORE LEEWAY IN ENGAGING IN POLITICAL ACTIVITIES. THE COURT STATED, RELATIVE TO THIS ARGUMENT, IN NOTE FIVE (5):
 IN ANY EVENT, THE LEGISLATURE MUST HAVE SOME LEEWAY IN DETERMINING WHICH OF ITS EMPLOYMENT POSITIONS REQUIRE RESTRICTIONS ON PARTISAN POLITICAL ACTIVITIES AND WHICH MAY BE LEFT UNREGULATED. SEE MCGOWAN V. MARYLAND, 366 US 420, 6 L.ED.2D 393, 81 S.CT 1101 (1961). AND A STATE CAN HARDLY BE FAULTED FOR ATTEMPTING TO LIMIT THE POSITIONS UPON WHICH SUCH RESTRICTIONS ARE PLACED.
IN SHORT, THE OPINION OF THE COURT AFFIRMED THE ABILITY OF THE STATE TO TOTALLY PROHIBIT POLITICAL ACTIVITIES OF ITS EMPLOYEES IN REASONABLE FASHIONS, INDICATED THAT THE STATE'S RESTRICTIONS WERE NOT UNCONSTITUTIONAL, AND ALSO THAT THE STATE CAN VALIDLY CHOOSE WHICH AREAS OF GOVERNMENTAL EMPLOYMENT ARE TO BE COVERED BY THE PROHIBITIONS ON POLITICAL ACTIVITIES. WHILE NO DOUBT THERE ARE LIMITS ON THE STATE'S ABILITY TO MAKE SUCH LAWS, THE RESTRICTIONS OUTLINED CURRENTLY IN 17 O.S. 180.4 (1981) ARE QUITE SIMILAR TO THOSE CURRENTLY FOUND IN 74 O.S. 4242 (1987), AND REVIEWED BY THE COURT IN BROADERICK. THE FACT THAT SAME HAVE BEEN PLACED IN A DIFFERENT STATUTORY SECTION IS OF NO REAL RELEVANCE, AND IT IS FELT THAT THE BROADERICK OPINION STILL VALIDLY SETS FORTH THE LAW AS IT STANDS TODAY. THE STATUTORY PROVISIONS OF 17 O.S. 180.4 (1981) ARE, THEREFORE, VALID AND ENFORCEABLE AS AGAINST CORPORATION COMMISSION EMPLOYEES. OF RELATED IMPORT IS ATTORNEY GENERAL OPINION NO. 81-013, WHICH REVIEWED THE BROADERICK OPINION AND ALSO ADVISED THAT THE RESTRICTIONS ON POLITICAL EMPLOYEES OF THE STATE WERE CONSTITUTIONALLY VALID.
(MICHAEL SCOTT FERN)